**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
NEWPORT NEWS DIVISION

| | |
|---|---|
| In Re: | Case No.: 21-50907-FJS |
| MIGUEL ANGEL SOSA AVILA<br>A/K/A MIGUEL ANGEL SOSA | Chapter 13 |
| *Debtor.* | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO**
**COMPLETE PENDING STATE COURT LITIGATION**

COMES NOW, Creditor, Cruz Elisa Matilde de Sosa aka Eliza Sosa Avila, ("Eliza Sosa"), in her capacity as beneficiary of the Estate of Juan Sosa Avila (the "Estate"), by counsel, pursuant to 11 U.S.C. § 362(d)(1), Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule United States Bankruptcy Court For The Eastern District Of Virginia Rule 4001(a)-1, requests relief from the automatic stay for "cause" in order to complete state court litigation (the "Action") that was pending when debtor, MIGUEL ANGEL SOSA AVILA ("Debtor"), commenced this bankruptcy case. In support of this Motion, Eliza Sosa states as follows:

**PARTIES**

1. Eliza Sosa is the widow of Juan Manuel Sosa Avila ("Juan Sosa") and is a resident of Mexico. Pursuant to Virginia Code § 64.2-200(A)(1), Eliza Sosa is the intestate successor of Juan Sosa's Estate.

2. Juan Sosa died in the course of his employment, on May 28, 2003, as a result of a commercial fishing accident.

3. Debtor is a resident of City of Hampton, Virginia, and was the brother of the decedent Juan Sosa. Debtor was married to the Administratix of the Juan Sosa Estate, Michelle Sosa ("Michelle Sosa"), at the time of the events described in the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

4. Paragraphs 1 through 3 are incorporated herein by reference as though fully set forth.

5. Juan Sosa worked as a fisherman and died in the course of his employment on May 28, 2003. He died intestate, and left Eliza Sosa as his sole heir at law. In the qualifying papers, the Administratrix, Michelle Sosa, listed Eliza Sosa as Juan Sosa's sole heir. At the time of his death, Eliza Sosa resided in Mexico.

6. Pursuant to the law of intestate succession, Eliza Sosa inherited the Juan Sosa Estate. *See* Va. Code § 64.2-201. When Juan Sosa died, based on U.S. immigration law and a lack of funds for travel, Eliza Sosa was unable to come to the U.S. in order to qualify as the Administratrix of the Juan Sosa Estate. It was under these unusual circumstances that Michelle Sosa assumed the duties of Administratrix.

7. Based on information and belief, on January 27, 2004, as part of an insurance payout resulting from Juan Sosa's death, the law firm of Hunton & Williams issued a three-hundred thousand dollars ($300,000.00) check to Michelle Sosa which was payable to the Juan Sosa Estate account in the Bank of America in Norfolk, Virginia.

8. The funds were never deposited into the Juan Sosa Estate account. Eliza Sosa retained the services of Powell Law Group to determine the whereabouts of the funds. After an investigation, a suit was filed against Michelle Sosa and the Debtor in the City of Hampton Circuit Court alleging that the Debtor and Michelle Sosa fraudulently converted the

$300,000.00 deposit which was intended to go to the Estate of Juan Sosa for the benefit of Eliza Sosa.

9. The Hampton Circuit Court granted a default judgment in favor of Eliza Sosa, and ordered judgement against Debtor and Michelle Sosa separately, in the amount of $300,000.00, with 6% interest from February 5, 2004, as well as the costs expended on behalf of Eliza Sosa.

10. The judgement against the Debtor was recorded in the City of Hampton Clerk's office on April 9, 2018, with a judgement reference number 18-1321.

11. Eliza Sosa proceeded with a collections action based on the information and belief that Michelle Sosa delivered the Juan Sosa estate money to Debtor, and Debtor used the estate money to purchase numerous real estate properties in the City of Hampton between 2004 and 2013.

12. Based on the discovery of the real properties purchased by Debtor with the estate money, Eliza Sosa requested the City of Hampton Circuit Court to appoint a Commissioner in Chancery to sell the real estate assets in order to satisfy Eliza Sosa's judgment against the Debtor.

13. On June 5, 2020, Eliza Sosa motioned the City of Hampton Circuit Court for Entry of a Decree of Reference referring J. Robert Harris, III, Esq. as a Commissioner in Chancery to report on the properties acquired by the Debtor.  Accordingly, the Court granted the motion and entered a Chancery Decree of Reference on August 12, 2020.

14. Commissioner Harris submitted his Report to the Court on June 14, 2021, recommending that Eliza Sosa's relief be granted, and that a Special Commissioner be appointed for the purpose of selling the properties.

15. On September 30, 2021, Eliza Sosa filed a Motion for Decree Confirming Commissioner's Report and Ordering Sale. On December 6, 2021, the court granted the motion and ordered the sale. The court also appointed Greg Blanchard, Esq. as Special Commissioner to oversee the sale of the properties.

16. Debtor, however, filed for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code two days later, on December 8, 2021, staying the Commissioner's sale.

17. Inclusive of interest, accruing at the statutory six percent (6.0%) per annum judgment rate (Va. Code § 6.1-330.54), the accumulated sum of $607,211.60 remains due and owing to the Juan Sosa Estate (and derivatively to Eliza Sosa, as the sole beneficiary of the Estate) as of December 6, 2021, exclusive of additional post-judgment attorney's fees, costs, and interest accruing from and after the Petition Date.

## ARGUMENT

18. Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth.

19. The judgement against Debtor and Michelle Sosa shows that they conspired to defraud Eliza Sosa, the widow of Juan Sosa, and ultimately converted the $300,000.00 due to the Juan Sosa Estate and spent these funds for their own benefit and profit.

20. Based on his filing for bankruptcy protection on December 8, 2021, the Debtor seeks to delay the court-ordered sale of his real properties, and to further deny the Eliza Sosa's recovery of money owed to her.

21. The Bankruptcy Court provides for relief from the automatic stay on motion by a party in interest "[f]or cause, including the lack of adequate protection of an interest in property of such party in interest." *See* 11 U.S.C. § 362(d)(1). The bankruptcy court has broad

discretionary authority to decide when the automatic stay should be lifted to permit litigation to continue in another forum.

22. Because § 362(d)(1) does not define "cause", the bankruptcy court decides on a case-by-case basis if discretionary relief is appropriate. *In re Lee*, 461 F. App'x 227 (4th Cir. 2012). In making this determination, the court must balance "potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). The factors the court considers in deciding the balance include:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*In re Robbins*, 964 F.2d at 345.

23. The first factor identified in *In re Robbins*, whether the issues in the pending litigation involve only state law so that the expertise of the bankruptcy court is unnecessary, clearly supports Eliza Sosa's motion to lift the stay. Here, the City of Hampton Circuit Court granted a default judgment in favor of creditor, Eliza Sosa, in the amount of $300,000.00 based on Debtor's fraudulent conversion of the funds which were intended to go to the Estate of Jose Sosa. The judgment was duly recorded in the Clerk's office.

24. A Chancery Decree of Reference was recorded on August 12, 2020 to allow the Commissioner to report on the properties acquired by the Debtor with the stolen funds. On December 6, 2021, the state court granted the Eliza Sosa's Motion for Decree Confirming the Commissioner's Report and ordered the sale of the property to satisfy the underlying

claim. All issues in the pending litigation and all issues in the post-judgment execution phase involve only state law making the expertise of the bankruptcy court unnecessary.

25. The second *In re Robbins* factor also favors the creditor's motion to lift the automatic stay. Because the underlying fraud claim against the Debtor has already been resolved in Eliza Sosa's favor in the state court proceedings, allowing the state court to execute on the judgment at this time is both the most efficient and judicially economical path. With the judgment already entered in Eliza Sosa's favor, there is no reason for the bankruptcy court to intervene at this time, and to do so would further delay the judgment execution process and unnecessarily tie up the bankruptcy court's resources and time.

26. The third *In re Robbins* factor also supports Eliza Sosa's motion to lift the automatic stay. Permitting Eliza Sosa to proceed with executing on her judgment in state court would not jeopardize the bankruptcy estate. The bankruptcy estate's interest in the real properties listed by the debtor is derivative of the debtor's interest, and the bankruptcy estate cannot hold a better or different claim to the properties than the Debtor can. *In re Lee,* at * 8. Further, the fact that the bankruptcy estate was not a party to the state court proceedings is irrelevant. Certainly, the debtor had an opportunity to litigate and represent his interests in the properties before the state court.

27. In addition, Eliza Sosa is the second lien holder on four of Debtor's properties. The state court execution proceedings would be subject to the first lien holder's claims and would not jeopardize their interests. Eliza Sosa is the first lien holder on two properties and the state court execution proceedings would have no impact on other secured creditors. The first and second liens on the real properties render these properties of little use toward an effective

Chapter 13 Plan and the adjustment of the Debtor's debts. Granting relief from the automatic stay, therefore, would have little impact on unsecured creditors.

28. Pursuant to the *In re Robbins* factors applied by bankruptcy courts to determine whether to grant a motion for relief from the stay, the balance between the minimal potential prejudice to the Debtor's bankruptcy estate if stay relief is granted versus the hardship already experienced by Eliza Sosa and the ongoing hardship that will be incurred by Ms. Sosa if relief is denied firmly support granting relief from the automatic stay to permit the continuation of the state court proceedings. This is one of those appropriate circumstances where the stay should be lifted.

29. Importantly, Debtor's fraudulent and bad faith actions in diverting funds away from the Juan Sosa Estate are incorporated into the state court's final judgment. The state court entered its order to sell the property to satisfy the final judgment because the properties were purchased by the Debtor with the very monies he fraudulently converted to his use. The state court appointed a Special Commissioner to oversee the sale of the property. Debtor filed for bankruptcy protection on December 8, 2021 for the sole purpose of precluding the Special Commissioner from proceeding with the property sales.

30. Proof of a debtor's bad faith filing may constitute cause for relief from the automatic stay. *In re Ford*, 522 B.R. 829 (Bankr. D.S.C. 2014). The strategic filing of a bankruptcy petition to prevent collection efforts is one of many factors the court may consider when deciding whether the debtor has engaged in a scheme to use the Bankruptcy Code to delay, hinder or defraud creditors. *In re Wilke*, 429 B.R. 916 (Bankr. N.D. Ill. 2010). In light of the uncontested evidence in this case, the equities do not favor allowing Debtor to further victimize Eliza Sosa through delay and hindering her right to collect on her final judgment.

31. Having satisfied the *In re Robbins* factors for showing cause for relief from the automatic stay, as well as Debtor's bad faith and his pattern of defrauding Eliza Sosa, Eliza Sosa's motion for relief from the automatic stay is supported and firmly falls within the court's discretionary authority to grant relief from the stay to allow Eliza Sosa to proceed with her on-going state collections action.

WHEREFORE, Creditor Eliza Sosa respectfully requests that the Court relieve her of the automatic stay pursuant to 11 U.S.C. § 362(d) with respect to the state court action entitled *Cruz Elisa Matilde De Sosa AKA Eliza Sosa v. Miguel Sosa Avila, et al.* (designated as Case No. CL19000496-00), in the Circuit Court of the City of Hampton. Eliza Sosa respectfully requests this Court grant her Motion for Relief from the Automatic Stay and enter an Order allowing her to proceed in state court to collect the judgement owed against the Debtor Miguel Sosa.

### NOTICE OF HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY TO COMPLETE PENDING STATE COURT LITIGATION

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).** If you do not want the Court to deny confirmation of your Plan or if you want the Court to consider your views on the Objection, then you and your attorney must attend a remote hearing on the Objection to Confirmation.

Due to the COVID–19 public health emergency, no in-person hearings are being held. This hearing will take place remotely through Zoom on the date and time scheduled herein pursuant to the Second Amended Norfolk Standing Order 20-4 entered December 23, 2021.

**PLEASE NOTE: Absent compelling circumstances, You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing, which is scheduled for April 22, 2022 at 10:00 am (EST).** Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.

If your appearance is required and you failed to appear, the Court may either continue the matter or dismiss the matter for failure to prosecute if you are the moving

part or deem your opposition waived if you are the respondent.

To appear at the hearing, you must transmit, via email, a completed PDF-fillable request form (the "**Zoom Request Form**"), which is available on the Court's internet website at https://www.vaeb.uscourts.gov/sites/vaeb/files/ZoomRegistration.pdf. Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case as follows:

EDVABK-ZOOM Chief_Judge_Santoro@vaeb.uscourts.gov **\*\*The mail address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.**

If you are appearing for multiple cases on a single date, list only one of the matters for which you are appearing on the Zoom Request Form. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with both (1) a link to access the virtual courtroom via a computer or mobile, and (2) a dial-in number to access the virtual courtroom by telephone. **You must use either the link or the dial-in number to attend the hearing.** More information on attending a Zoom hearing may be found by reviewing "Preparing to Participate in a Zoomgov Video Conference" on the Court's website.

**Non-Party Members of the Public and Press (listen only):** Please identify yourself as a non-party member of the public or the press on the Zoom Request Form. Your attendance at the hearing is listen-only.

**Prohibition on Broadcasting, Televising, Recording, or Photographing Proceedings:** Pursuant to Standing Order 20-15, broadcasting, televising, recording, or photographing bankruptcy court proceedings is strictly prohibited.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an order granting that relief.

Respectfully submitted,

ELIZA SOSA

| | |
|---|---|
| _____/s/E. Wayne Powell, Esq._____ | DATED: 03/09/2022 |
| E. Wayne Powell, Esq. (VSB # 19550) | |
| Powell Law Group, P.C. | |
| 14407 Justice Rd. | |
| Midlothian, VA 23113 | |
| P: 804-794-4030 | |
| F: 804-794-6576 | |
| wpowell@ewplg.com | |
| *Counsel for Eliza Sosa (Creditor)* | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2022, I caused a true and correct copy of the foregoing Motion for Relief of Stay to be electronically filed with the Clerk of this Court using the CM/ECF system, and such notification will be sent to all parties on the service list, including:

Christina D. DeGuzman, Esquire
DeGuzman Law PLLC
JANAF Office Building
5900 E. Virginia Beach Blvd, Suite 507
Norfolk, Virginia 23502

R. Clinton Stackhouse, Jr,
Chapter 7 Trustee
7021 Harbour View Bvld. Suite 101
Suffolk, Virginia 23435

John P. Fitzgerald, III
US Trustee
Office of the US Trustee, Region 4-NN
200 Granby Street, Room 625
Norfolk, Virginia 23510

Miguel Angel Sosa Avila
253 Beauregard Heights
Hampton, VA 23669
Debtor (Notified via First-Class Mail, Pre-Paid)

      /s/E. Wayne Powell, Esq.
E. Wayne Powell, Esquire VSB 19550