# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

| | |
|---|---|
| In Re: | Case No.: 21-50907-FJS |
| MIGUEL ANGEL SOSA AVILA<br>A/K/A MIGUEL ANGEL SOSA | Chapter 13 |
| *Debtor.* | |

## CREDITOR ELIZA SOSA'S RESPONSE TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

COMES NOW, Creditor ELIZA SOSA, (Eliza) in her capacity as beneficiary of the Estate of Juan Sosa Avila (the "Estate"), by counsel, answering the motion by the debtor to avoid a certain lien on the ground that it impairs the debtor's exemption, alleges:

## ARGUMENT

**I        Nondischargeability of the Underlying Debt**

1. Respondent incorporates paragraphs 1-10 of the Debtor's Motion to Avoid Judicial Lien inofar as it describes the properties subject to the judicial lien of this creditor.

2. Section 523(a)(2)(A) of the United States Bankruptcy Code excepts from discharge any debt:

> *"For money, property services, or extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;"*

3. Creditor Eliza Sosa suffered a loss as a result of the theft and conversion of funds owed to her by the Administratix. In this case Michelle Sosa, the Administratrix conspired with her former husband and current debtor, Miguel Sosa Avila to deprive Eliza Sosa of her inheritance, then subsequently converted the funds paid for the death of her husband to use these funds for

their own benefit by purchasing the several properties listed in his Motion. This conversion by the Sosas' defrauded the widow Eliza Sosa Avila of the funds to which she was intitled under Virginia laws concerning intestate succession. (See Virginia Code § 64.2-200(A)(1)).

4. Liens cannot be avoided under § 522(f) if the underlying claim is not dischargeable in the Chapter 13 case. *See In re Coffman*, 52 B.R. 667 (Bankr. D.Md. 1985) where The court held that 'if a judgment lien is fixed on what would otherwise be a non-dischargeable debt, the debtor may not avoid the lien' ; *See also In re Hunnicutt*, 457 B.R. 463 (Bankr.D.S.C. 2011), the South Carolina court concluded that the debtor may avoid a judicial lien for a debt that is otherwise nondischargeable, to the extent the lien impairs an exemption. *See also In re Vizard*, 327 B.R. 515 (Bankr.D.Mass. 2005); *In re Slater*, 188 B.R. 852, 857 (Bankr.E.D.Wash. 1995); 9A Am. Jur.2d Bankruptcy §1500 (2022) ("The majority of courts have held that a debtor may avoid a judicial lien regardless of whether the underlying debt is dischargeable in bankruptcy.")

5. Therefore, the Judicial Liens cannot be avoided under 11 USC §522(f)(2) because they are non-dischargeable due to fraud committed by Miguel Sosa.

**II        Calculation of Lien Avoidance Under §522(f)**

6. In Debtor's Motion to Avoid Judicial Lien, Debtor intentionally misapplies the formula under 11 U.S.C. §522(f)(2) for determining whether a judgment lien impair an exemption and drastically and erroneously inflates the amount of judicial lien impairment available to Debtor. Specifically, Debtor erroneously calculated his alleged lien avoidance amount by taking all of the properties on which Creditor Eliza Sosa's judicial lien attaches; the total amount of the Eliza Sosa judicial lien; and all other liens on those properties. Debtor then seeks to avoid Eliza Sosa's client in the amount of $269,098.07. Debtor cites no authority for this approach. The

proper statutory application of the §522(f)(2) formula is set forth below.

7. In Owen v Owen, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the United State Supreme Court held that §522(f) allows a debtor to avoid liens that prevent the debtor from qualifying for an exemption under either state or federal law. In that case, as in the present case, the only state exemption at issue is the Virginia homestead exemption. In the present case, the only property on which Debtor seeks to apply his $25,000.00 homestead exemption under Va. Code Annot. §34-4 , as stated in Schedule C of his Chapter 13 Petition schedules, is the property located at 112 Beverly Street, Hampton Virginia.

8. If, therefore, the court finds that Debtor may seek lien avoidance notwithstanding the fact that the underlying debt is nondischargeable, Debtor is limited to applying the formula set forth in §522(f)(2) to the Beverly Street property. See also In re Boyd, 11 B.R. 690 (Bankr.W.D.Va. 1981) (holding that the lien avoidance provision of the Code was intended to all a debtor to protect his exemption so as to achieve a fresh start);

9. According to the Debtor, the Beverly Street property is currently appraised at $124,000.00 and is subject to a first lien in the amount of $57,000.00 by Bank of America. Section 522(f)(2) specifically states that a judicial lien shall only be considered to impair an exemption to the extent that the sum of the lien, all other liens and the amount of the exemption exceeds the value of the debtor's interest in the property in the absence of any liens.

10. Creditor Eliza Sosa's total judgment lien in the amount of $607,211.06 can only be a lien on the Beverly Street home up to the amount of Debtor's equity in the house which is $67,000.00 after subtracting BOA's first lien. According to the §522(f)(2) formula, at best, Eliza Sosa's judgment lien impairs Debtor's claim to an exemption to the extent you take (1) the sum of the judgment lien, as applied to the Beverly House ($67,000); (2) the preexisting BOA lien ($57,000.00); and (3) Debtor's available homestead exemption ($25,000.00), and subtract the

value of Debtor's interest in the Beverly Street house ($124,000.00). The result is that the lien exceeds the aggregate value by $25,000.00.

11. Applying the judicial lien formula under §522(f)(2) only to the Beverly Street property, the only property on which Debtor can apply the Virginia homestead exemption, the amount of the lien avoidance is $25,000.00, not $269,098.07 as erroneously claimed by Debtor.

WHEREFORE, respondent prays that debtor's motion be in all respects denied.

### NOTICE OF HEARING ON CREDITOR ELIZA SOSA'S RESPONSE TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).** If you do not want the Court to deny confirmation of your Plan or if you want the Court to consider your views on the Objection, then you and your attorney must attend a remote hearing on the Objection to Confirmation.

Due to the COVID–19 public health emergency, no in-person hearings are being held. This hearing will take place remotely through Zoom on the date and time scheduled herein pursuant to the Second Amended Norfolk Standing Order 20-4 entered December 23, 2021.

**PLEASE NOTE: Absent compelling circumstances, You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing, which is scheduled for April 22, 2022, at 9:30 am (EST).** Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.

If your appearance is required and you failed to appear, the Court may either continue the matter or dismiss the matter for failure to prosecute if you are the moving part or deem your opposition waived if you are the respondent.

To appear at the hearing, you must transmit, via email, a completed PDF-fillable request form (the "**Zoom Request Form**"), which is available on the Court's internet website at https://www.vaeb.uscourts.gov/sites/vaeb/files/ZoomRegistration.pdf. Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case as follows:

EDVABK-ZOOM Chief_Judge_Santoro@vaeb.uscourts.gov **\*\*The mail address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.**

If you are appearing for multiple cases on a single date, list only one of the matters for which you are appearing on the Zoom Request Form. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with both (1) a link to access the virtual courtroom via a computer or mobile, and (2) a dial-in number to access the virtual courtroom by telephone. **You must use either the link or the dial-in number to attend the hearing.** More information on attending a Zoom hearing may be found by reviewing "Preparing to Participate in a Zoomgov Video Conference" on the Court's website.

**Non-Party Members of the Public and Press (listen only):** Please identify yourself as a non-party member of the public or the press on the Zoom Request Form. Your attendance at the hearing is listen-only.

**Prohibition on Broadcasting, Televising, Recording, or Photographing Proceedings:** Pursuant to Standing Order 20-15, broadcasting, televising, recording, or photographing bankruptcy court proceedings is strictly prohibited.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an order granting that relief.

Respectfully submitted,
ELIZA SOSA

By: _____    DATED: 3 / 9 /2022

E. Wayne Powell, Esq. (VSB# 19550)
Powell Law Group, P.C.
14407 Justice Rd.
Midlothian, VA 23113
P: 804-794-4030
F: 804-794-6576
wpowell@ewplg.com
*Counsel for Eliza Sosa (Creditor)*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2022, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of this Court using the CM/ECF system, and such notification will be sent to all parties on the service list, including:

Christina D. DeGuzman, Esq.
DeGuzman Law PLLC
JANAF Office Building
5900 E. Virginia Beach Blvd, Suite 507
Norfolk, Virginia 23502
*Counsel for Debtor*

R. Clinton Stackhouse, Jr, Esq.
Chapter 13 Trustee
7021 Harbour View Bvld. Suite 101
Suffolk, Virginia 23435

John P. Fitzgerald, III, Esq.
US Trustee
Office of the US Trustee, Region 4-NN
200 Granby Street, Room 625
Norfolk, Virginia 23510

Miguel Angel Sosa Avila
253 Beauregard Heights
Hampton, VA 23669
*Debtor (Notified via First-Class Mail, Pre-Paid)*

Wayne Powell, Esq. VSB 19550