# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| IN RE:<br><br>**MIGUEL ANGEL SOSA AVILA,**<br>      **DEBTOR.** | **CHAPTER 13**<br>**CASE NO.: 21-50907-FJS** |
| **U.S. BANK NATIONAL TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISTION TRUST**<br>      **MOVANT**,<br>V.<br><br>**MIGUEL ANGEL SOSA AVILA,**<br>      **DEBTOR,**<br>**AND**<br>**KELLY M. BARNHART,**<br>        **TRUSTEE,**<br><br>RESPONDENTS. | FILED PURSUANT TO 11 U.S.C SECTION 362 |

## MOTION SEEKING RELIEF FROM STAY AND CODEBTOR STAY

Comes now U.S. Bank National Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF2 Acquisition Trust, (the "Movant"), a secured creditor, by Counsel, and moves this Honorable United States Bankruptcy Court

---

Brandon R Jordan
Virginia Bar # 72170
Robertson, Anschutz, Schneid & Crane LLC
11900 Parklawn Drive
Suite 310
Rockville, MD 20852
Telephone: 844-442-2150
Fax: 240-238-2767
Email: bjordan@rascrane.com
*Counsel to Movant*

for Relief from the Stay imposed by 11 U.S.C. Section 362(a) and 1301, and in support thereof, states as follows:

    1.    This Motion is filed pursuant to 11 U.S.C. Section 362(d) and Rules 4001 and 9014 of the Bankruptcy Rules, as hereinafter shall more fully appear.

    2.    The Movant is a secured creditor of the Debtor whose claim is based upon a certain Note dated July 17, 2013 in the principal amount of $203,100.00 and executed by Miguel Angel Sosa Avila aka Miguel A. Sosa ("Debtor"). Said Note was originated by Bank of America, N.A. and endorsed in blank before the loan was assigned to Movant. The total amount due under said Note as of November 30, 2023 was approximately $206,642.68, including the unpaid principal balance of $201,495.69 interest of $4,841.09 at the Note rate, plus any applicable late charges and attorney's fees and costs. A copy of an estimated payoff statement is attached hereto, marked as Exhibit A, as is a copy of the said Note, marked as Exhibit B. Repayment of said Note is secured by that certain Deed of Trust among the land records of Hampton, VA, which property has the address of 253 Beauregard Hts, Hampton, VA 23669-1558 and which is more particularly described in the Deed of Trust as:

> All that certain lot, piece or parcel of land situate, lying and being in the City of Hampton, Virginia, known and designated as Lot Numbered THIRTY-ONE (31), in Block "A", as shown on that certain plat entitled, "SECTION FOUR (4), WILLOW OAKS, HAMPTON, VIRGINIA", made by William Sours, Surveyor, dated August 1, 1968, and recorded in the Clerk's Office of the Circuit Court for the City of Hampton, Virginia, in Plat Book 6, at page 55, to which plat reference is here made.

A copy of said Deed of Trust and Assignment of Deed of Trust is attached hereto, marked as Exhibit C, and expressly made a part hereof.

3. On December 18, 2021, Debtor filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia as Case No. 21-50907-FJS.

4. The Debtor has failed to make post-petition payments to the Movant, and is therefore in default, post-petition as of November 30, 2023, as follows:

| | |
|---|---|
| 1 regular monthly payments @ $ 1,359.49<br>07/01/2023<br>5 regular monthly payment @ $ 1,406.75 each<br>08/01/2023 to 12/01/2023 | $ 7,515.16 |
| Less in suspense: ($878.08) | |
| Estimated attorney's fees ($850.00) and costs ($199.00) for representation in this proceeding | $1,049.00 |
| **TOTAL** | **$ 8,564.16** |

A copy of the post-petition payment history is attached hereto, marked as Exhibit D, and expressly made a part hereof.

5. By reason of the foregoing, the Movant lacks adequate protection for its security interest and is, and continues to be, irreparably harmed by the continuation of stay of 11 U.S.C. Section 362(a) and that therefore cause exists for the termination thereof.

6. The Hampton City County tax assessment shows that the subject property has a current value of $359,800.00. A copy of the tax assessment is attached hereto, marked as Exhibit E, and expressly made a part hereof.

7. Upon entry of an Order terminating the stay of 11 U.S.C. Section 362(a), the Movant should be free to take such actions with respect to the subject property as are set forth under applicable non-bankruptcy law (i.e. modification, short sale and other loss

mitigation options), and should be relieved from any further filing requirements pursuant to Fed. R. Bankr. P. 3002.1(b)-(c).

**WHEREFORE**, Secured Creditor prays this Honorable Court will enter an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) so that the undersigned may proceed to enforce its security interest in the subject property by: (i) instituting or continuing foreclosure proceedings against the subject property in state court, (ii) allowing the successful purchaser at the foreclosure sale to obtain possession of the subject property, (iii) allowing it to take such other actions with respect to the subject property as are set forth under applicable non-bankruptcy law, (iv) relieving it from any further filing requirements pursuant to Fed. R. Bankr. P. 3002.1(b)-(c) if the stay is ultimately and unconditionally lifted or terminated, and (v) that the Order be binding and effective upon the Debtor despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

## NOTICE OF INTENT TO SUBMIT BUSINESS RECORDS

The Movant will submit business records as evidence at any scheduled hearing, as allowed under Fed. R. Bankr. P. 9017 and FRE 902(11). These business records and the declaration of their maintenance as business records are available for inspection by the adverse party upon demand.

## NOTICE

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

**If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the movant. Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.**

**If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period.**

**You will be notified separately of the hearing date on the motion.**

Date: December 12, 2023

**/s/ BRANDON R. JORDAN**
Brandon R. Jordan, Esquire
VA Bar No. 72170
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11900 Parklawn Drive, Suite 310
Rockville, MD 20852
Phone: 470-321-7112, ext. 52270
Fax: (240) 238-2767
Email: bjordan@raslg.com
*Counsel for Movant*

### CERTIFICATE OF SERVICE

I certify that on December 12, 2023, a true copy of the foregoing Motion Seeking Relief from Stay was served upon all necessary parties by electronic mail or by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Via U.S. Mail:

Miguel Angel Sosa Avila
253 Beauregard Heights
Hampton, VA 23669

Via CM/ECF:

Christian D. DeGuzman
DeGuzman Law, PLLC
JANAF Office Building
5900 E. Virginia Beach Blvd.
Suite 507
Norfolk, VA 23502

Kelly M. Barnhart
Chapter 12/13 Trustee
7021 Harbour View Blvd., Suite 101
Suffolk, VA 23435

Gerard R. Vetter
Office of the U.S. Trustee, Region 4 -NN
200 Granby Street, Room 625
Norfolk, VA 23510

/s/ **BRANDON R. JORDAN**
Brandon R. Jordan, Esquire
VA Bar No. 72170
Email: bjordan@raslg.com
*Counsel for Movant*