# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### Newport News Division

In re: Miguel Angel Sosa Avila,                                          Case No.: 21-50907-FJS
                                                                          Chapter 13

Debtor.

## ORDER CONFIRMING PLAN

The Chapter 13 Plan (the "**Plan**") filed by the Debtor on April 12, 2024, replacing all previously filed plans, if any, having been transmitted to all creditors; and it having been determined that the Plan meets each of the requirements of 11 U.S.C. § 1325(a);

**It is ORDERED that:**

(1) The Plan as filed or modified is CONFIRMED.

(2) Upon entry of this order, all property of the estate revests in the Debtor. Notwithstanding such revesting, the Debtor shall not, without obtaining prior court approval, as it relates to real or personal property: transfer, sell, acquire, encumber, refinance, enter into a loan modification, or incur debt (whether secured or unsecured) exceeding the cumulative total of $5,000.00 in principal. A motion seeking approval of any such transaction shall (i) provide proper notice to the Chapter 13 Trustee and all other appropriate parties and (ii) include a complete disclosure of the terms of the proposed transaction.

(3) All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such disbursement would be de minimis, in which case the funds may be disbursed to the Debtor or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee.

All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal shall be refunded to the Debtor at their address of record.

All undisbursed funds on deposit with the Chapter 13 Trustee on or after the date of an order of conversion shall be disbursed to the Debtor.

(4) The holder of each secured claim provided for in paragraphs 4A or 4D of the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under nonbankruptcy law or (ii) discharge under § 1328 or (iii) such lien is otherwise avoided by separate Court order entered in this case or associated adversary proceeding. If this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.

  (5)  The Debtor shall provide copies of tax returns to the Chapter 13 Trustee upon request.

  (6)  In any chapter 13 case (1) that involves any claim that is secured by a security interest in the Debtor's principal residence for which the plan provides that either the trustee or Debtor will make contractual installment payments and (2) where there is no order terminating or annulling the automatic stay related to such claim, the Debtor shall file, within 30 days of completion of the plan payments due under the terms of any confirmed plan, a certification (in addition to the certification required under LBR 4008-2(A)) as to whether all contractual installment payments due during the life of the case have been made. If the Debtor fails to timely file a certification, or if the Debtor's certification states that not all contractual installment payments were made during the Chapter 13 case, the standing trustee shall file a motion to dismiss without a discharge.

Date: May 14 2024

/s/ Frank J Santoro
United States Bankruptcy Judge

Entered on Docket: May 14 2024

I ask for this:

/s/ Kelly M. Barnhart
Kelly M. Barnhart, VSB No. 65246
Chapter 13 Trustee
7021 Harbour View Blvd., Ste 101
Suffolk, VA  23435
Telephone: (757) 233-8294; (757) 226-0287
kbarnhart@kmbch13.com

**PARTIES TO RECEIVE COPIES**:

Miguel Angel Sosa Avila
253 Beauregard Heights
Hampton, VA 23669

Christian D'Angelo DeGuzman, Esquire
5900 E Virginia Beach Blvd Ste 507
Janaf Office Building
Norfolk, VA 23502