**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

In re:  Miguel Angel Sosa Avila,　　　　　　　　　　　　　　　　Case No.: 21-50907-FJS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

Debtor.

## ORDER CONFIRMING PLAN

　　　The Chapter 13 Plan (the "**Plan**") filed by the Debtor on December 05, 2025, replacing all previously filed plans, if any, having been transmitted to all creditors; and it having been determined that the Plan meets each of the requirements of 11 U.S.C. § 1325(a);

　　　**It is ORDERED that:**

　　(1)　　The Plan as filed or modified is CONFIRMED.

　　(2)　　The debtor shall obtain prior Court approval of the following transactions, upon a motion that provides notice to the Chapter 13 Trustee and all necessary parties and discloses completely the transaction's proposed terms:

　　　　　(a) the voluntarily incurrence of new debt, whether secured or unsecured, that causes the debtor's total principal amount borrowed post-petition to exceed $15,000 at any point in time;

　　　　　(b) the transfer or sale of real or personal property with a value that exceeds $15,000;

　　　　　(c) the refinance or modification of a loan secured by real or personal property; and

　　　　　(d) the encumbrance of real or personal property.

　　(3)　　The debtor shall disclose the acquisition of real or personal property with a value that exceeds $15,000.

　　(4)　　All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such disbursement would be de minimis, in which case the funds may be disbursed to the Debtor or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee.

　　　　　All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal shall be refunded to the Debtor at their address of record.

　　　　　All undisbursed funds on deposit with the Chapter 13 Trustee on or after the date of an order of conversion shall be disbursed to the Debtor.

(5) The holder of each secured claim provided for in paragraphs 4A or 4D of the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under nonbankruptcy law or (ii) discharge under § 1328 or (iii) such lien is otherwise avoided by separate Court order entered in this case or associated adversary proceeding.  If this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.

(6) The Debtor shall provide copies of tax returns to the Chapter 13 Trustee upon request.

(7) In any chapter 13 case (1) that involves any claim that is secured by a security interest in the Debtor's principal residence for which the plan provides that either the trustee or Debtor will make contractual installment payments and (2) where there is no order terminating or annulling the automatic stay related to such claim, the Debtor shall file, within 30 days of completion of the plan payments due under the terms of any confirmed plan, a certification (in addition to the certification required under LBR 4008-2(A)) as to whether all contractual installment payments due during the life of the case have been made. If the Debtor fails to timely file a certification, or if the Debtor's certification states that not all contractual installment payments were made during the Chapter 13 case, the standing trustee shall file a motion to dismiss without a discharge.

(8) To the extent property of Debtor remains vested in the estate pursuant to Section 10 of the Plan, Debtor shall have sole and exlusive responsibility for maintenance and insurance of that property, and for payment of any ad valorem or other taxes that arise post-petition.

Date: Jan 27 2026

/s/ Frank J Santoro

United States Bankruptcy Judge

Entered on Docket: Jan 28 2026

I ask for this:

/s/ Kelly M. Barnhart
Kelly M. Barnhart, VSB No. 65246
Chapter 13 Trustee
7025 Harbour View Blvd., Ste 106
Suffolk, VA  23435
Telephone: (757) 233-8294; (757) 226-0287
kbarnhart@kmbch13.com

**PARTIES TO RECEIVE COPIES**:

Christian D'Angelo DeGuzman, Esquire
5900 E Virginia Beach Blvd Ste 507
Janaf Office Building
Norfolk, VA 23502

Miguel Angel Sosa Avila
253 Beauregard Heights
Hampton, VA 23669

United States Bankruptcy Court

Eastern District of Virginia

| | |
|---|---|
| In re: | Case No. 21-50907-FJS |
| Miguel Angel Sosa Avila | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0422-6 | User: LilianPal | Page 1 of 2 |
| Date Rcvd: Jan 28, 2026 | Form ID: pdford3 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 30, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Miguel Angel Sosa Avila, 253 Beauregard Heights, Hampton, VA 23669-1558 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jan 30, 2026 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 28, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| A. Michelle Hart | |
| | on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as Owner Trustee of CIM 2021-NR4 michelle.ippoliti@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Christian D. DeGuzman | |
| | on behalf of Debtor Miguel Angel Sosa Avila cdd147@gmail.com deguzmanlaw@gmail.com,christian@dgzmnlaw.com,sarah@dgzmnlaw.com;deguzman.christiand.r116544@notify.bestcase.com |
| Dane Exnowski | |
| | on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as Owner Trustee of CIM 2021-NR4 dane.exnowski@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Ernest Wayne Powell | |
| | on behalf of Creditor Eliza Sosa wpowell@ewplg.com |
| Ernest Wayne Powell | |
| | on behalf of Plaintiff Eliza Sosa wpowell@ewplg.com |

| | | |
|---|---|---|
| District/off: 0422-6 | User: LilianPal | Page 2 of 2 |
| Date Rcvd: Jan 28, 2026 | Form ID: pdford3 | Total Noticed: 1 |

Francisco J. Cardona
    on behalf of Creditor U.S. Bank Trust National Association fcardona@raslg.com

Heather Diane Bock
    on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as Owner Trustee of CIM 2021-NR4 heather.bock@mccalla.com, mccallaecf@ecf.courtdrive.com

Jason Meyer Krumbein
    on behalf of Defendant Miguel Angel Sosa Avila jkrumbein@krumbeinlaw.com  a30156@yahoo.com;jkrumbein@recap.email

Joseph Romano
    on behalf of Creditor Select Portfolio Servicing  Inc. joseph.romano@bww-law.com, bankruptcy@bww-law.com

Joseph Romano
    on behalf of Creditor BANK OF AMERICA  N.A. joseph.romano@bww-law.com, bankruptcy@bww-law.com

Joseph Romano
    on behalf of Creditor SELECT PORTFOLIO SERVICING  INC. joseph.romano@bww-law.com, bankruptcy@bww-law.com

Joseph Romano
    on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as Owner Trustee of CIM 2021-NR4 joseph.romano@bww-law.com, bankruptcy@bww-law.com

Keith M. Yacko
    on behalf of Creditor U.S. Bank Trust National Association keiyacko@raslg.com ecfnotifications@mtglaw.com;kyacko@mtglaw.com;keiyacko@raslg.com

Kelly M. Barnhart
    kbarnhart@kmbch13.com

Kelly Megan Barnhart
    on behalf of Trustee R. Clinton Stackhouse  Jr. barnhart@rgblawfirm.com, janice@rgblawfirm.com

Kinnera Bhoopal
    on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as Owner Trustee of CIM 2021-NR4 kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com

Landon Thomas Kemnitz
    on behalf of Creditor Federal Home Loan Mortgage Corporation lkemnitz@raslg.com

Linda Pierre
    on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as Owner Trustee of CIM 2021-NR4 linda.st.pierre@mccalla.com, mccallaecf@ecf.courtdrive.com

Maria A. Tsagaris
    on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as Owner Trustee of CIM 2021-NR4 maria.tsagaris@mccalla.com, mccallaecf@ecf.courtdrive.com

Matthew W. Cheney
    ustpregion04.no.ecf@usdoj.gov

Phillip Raymond
    on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity but solely as Owner Trustee of CIM 2021-NR4 phillip.raymond@mccalla.com, mccallaecf@ecf.courtdrive.com

William M. Savage
    on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper LOGSECF@logs.com

TOTAL: 22