## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

| | |
|---|---|
| IN RE:<br>**MIGUEL ANGEL SOSA AVILA,**<br><br>*aka* **MIGUEL ANGEL SOSA,**<br><br>    **DEBTOR.** | **CHAPTER 13**<br>**CASE NO.: 21-50907-FJS** |
| – – – – – – – – – – – – – – – – – – | – – – – – – – – – – – – – – – – – – |
| **Select Portfolio Servicing, Inc., as servicing agent for Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-1**<br><br>    **MOVANT,**<br><br>**V.**<br><br>**MIGUEL ANGEL SOSA AVILA,**<br><br>*aka* **MIGUEL ANGEL SOSA,**<br><br>    **DEBTOR**<br>**AND**<br><br>**KELLY M. BARNHART,**<br><br>    **TRUSTEE,**<br><br>       **Respondents.** | FILED PURSUANT TO 11 U.S.C<br>SECTION 362 |

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the Court on the motion of **Select Portfolio Servicing, Inc., as servicing agent for Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-1 for** relief from the automatic stay with respect to certain real property located at 1269 N. King St., Hampton, VA 23669 and more particularly described as follows:

Tata-Annie Latoya King - VA Bar No. 100892
Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 470-321-7112, ext. 52327
Email: taking@raslg.com
Counsel for Movant

All that certain lot, part-lot, piece or parcel of land situate, lying and being in the City of Hampton, Virginia, being known and designated as "PARCEL 'A'" as shown on that certain plat entitled "PLAT OF THE PROPERTY OF GEORGE T. & THEODORA MIZUSAWA, LOTS 22, 23, 24 & PART OF 21, BLOCK 'A', NORTH KING STREET, HAMPTON, VIRGINIA", dated June 29, 2006, revised July 20, 2006, and made by Becouvarakis and Associates, P.C., a copy of which said plat is recorded in the Clerk's Office of the Circuit Court for the City of Hampton, Virginia, on July 28, 2006, as instrument no. 060019562.

Upon consideration of which, it is

**ORDERED:**

1.      Debtor will maintain monthly post-petition payment beginning with the August 1, 2026, payment due in the amount of $847.00 Debtor cured the arrears in the Motion For Relief filed on March 26, 2026, (Docket No. 137) with contribution received from daughter and will continue to make monthly arrears payments with contribution received from daughter.

2.      Debtor will cure the post-petition arrearage currently due to Movant through July 1, 2026, in the total amount of $939.57 (which consists of two regular monthly payments from June 1, 2026, through July 1, 2026, in the amount of $1,629.50, less a suspense of $689.93) with contributions received from daughter by making the following six (6) payments:

   a.  $156.59 on or before August 15, 2026

   b.  $156.59 on or before September 15, 2026

   c.  $156.59 on or before October 15, 2026

   d.  $156.59 on or before November 15, 2026

   e.  $156.59 on or before December 15, 2026

   f.  $156.62 on or before January 15, 2027

Tata-Annie Latoya King - VA Bar No. 100892
Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 470-321-7112, ext. 52327
Email: taking@raslg.com
Counsel for Movant

3.     In the event that any payment required by this order is not received by Movant within 15 days after it is due, the movant may mail a notice of default to Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

a.    That Debtor is in default in making at least one payment required under this order;

b.    The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

c.    The action necessary to cure the default, including any address to which payments must be mailed;

d.    That Debtor or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

    i.    cure the default;
    ii.    file an objection with the court stating that no default exists; or
    iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered.

e.    That if Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to Debtor; and

f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure. Movant shall promptly notify the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon further Order of the Court. Additionally, upon the termination of the automatic stay, the Trustee will be relieved from the obligation of making any further payments upon any secured claim filed by Movant.

Tata-Annie Latoya King - VA Bar No. 100892
Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 470-321-7112, ext. 52327
Email: taking@raslg.com
Counsel for Movant

4.    If Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), Movant may submit a certificate stating that it has complied with the terms of this order and that neither Debtor nor Trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

5.    If Debtor or Trustee files an objection, Movant must set the matter for hearing and give notice of the hearing to Debtor, Debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

6.    The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

7.    Until an order is entered terminating the automatic stay, Movant may not refuse to accept or apply payments tendered by Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

8.    The automatic stay is modified to permit the noteholder or servicing agent to send Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

9.    Should Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorneys' fees in the amount of $50.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

10.    Movant shall file any deficiency claim within 120 days after termination of the automatic stay to be paid prospectively or such deficiency claim will be forever barred.

Tata-Annie Latoya King - VA Bar No. 100892
Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 470-321-7112, ext. 52327
Email: taking@raslg.com
Counsel for Movant

Jul 9 2026 /s/ Frank J Santoro

Hon. Frank James Santoro

United States Bankruptcy Judge

Entered on the docket: July 9, 2026

## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Modifying the Automatic
Stay has been endorsed by all parties as required by Local Bankruptcy Rule 9022-1.

/s/ Tata-Annie L. King
Tata-Annie Latoya King, Esquire

I ASK FOR THIS:
**/s/ Tata-Annie L. King**
Tata-Annie Latoya King - VA Bar No. 100892
Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 561-241-6901, ext. 52327
Email: taking@raslg.com
*Counsel for Movant*

SEEN AND AGREED:
/s/Christian D. DeGuzman
Christian D. DeGuzman
DeGuzman Law, PLLC
JANAF Office Building
5900 E. Virginia Beach Blvd.
Suite 507
Norfolk, VA 23502
(757) 333-7336

Tata-Annie Latoya King - VA Bar No. 100892
Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 470-321-7112, ext. 52327
Email: taking@raslg.com
Counsel for Movant

Fax : (757) 333-7873
Email: cdd147@gmail.com
*Counsel for Debtor*


SEEN:
/s/
Kelly Megan Barnhart
Roussos & Barnhart, PLC
213 William Claiborne
Williamsburg, VA 23185
757-233-8294
Email: barnhart@rgblawfirm.com
*Chapter 13 Trustee*


## SERVICE LIST

Miguel Angel Sosa Avila
aka Miguel Angel Sosa
253 Beauregard Heights
Hampton, VA 23669

Via ECF/ Electronic Mail

Christian D. DeGuzman
DeGuzman Law, PLLC
JANAF Office Building
5900 E. Virginia Beach Blvd.
Suite 507
Norfolk, VA 23502

Kelly Megan Barnhart
Roussos & Barnhart, PLC
213 William Claiborne
Williamsburg, VA 23185

Matthew W. Cheney
Office of the U.S. Trustee, Region 4 -NN
200 Granby Street, Room 625
Norfolk, VA 23510

Tata-Annie Latoya King - VA Bar No. 100892
Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 470-321-7112, ext. 52327
Email: taking@raslg.com
Counsel for Movant